**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: June 8 2015**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31752 |
| | ) | |
| Dan J Iannantuono and Dawn M Iannantuono | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| | ) | |

### ORDER AND NOTICE REGARDING 11 U.S.C. § 1328(a)

The Chapter 13 Trustee has filed her Final Report and Account showing that payments due under the confirmed Chapter 13 plan have been completed. This case is before the court for a determination under 11 U.S.C. § 1328(a) as to whether a discharge may be entered. That section provides as follows:

> Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid...the court shall grant the debtor a discharge...

In order to implement this provision, Debtor(s) are hereby **ORDERED** to file the attached document certifying the facts that are appropriate to Debtor(s)' individual circumstances. In a joint

case separate documents must be filed for each Debtor. **The completed document(s) must be filed on or before 28 days from the date of service of this Order**, or within any time set by the court upon a motion for extension filed by Debtor(s) before the expiration of the deadline.

If the completed certification document is not timely filed as required by this order, the court will presume that Debtor(s) is required by a judicial or administrative order, or by statute, to pay a domestic support obligation and that all amounts payable under such order or such statute that are due have **not** been paid. In that event the case will be closed without discharge.

The court is aware that Debtors already filed such certifications. They were filed on April 8, 2013. [Doc. # 66]. Both Debtors certify therein that "I owed no domestic support obligation when I filed my bankruptcy petition, and I have not been required to pay any such obligation since then." [*Id.*]. The Chapter 13 Trustee certified in her Final Report and Account, filed on June 3, 2015, that Debtors had completed their plan on January 5, 2015. [Doc. # 73, p. 1/2]. Thus, the effective date of Debtors' respective certifications is nearly 20 months before completion of their Chapter 13 plan.

The court reads the applicable statute to require that the certification also be made "as soon as practicable after completion by the debtor of all payments under the plan." 11 U.S.C. § 1328(a). The court acknowledges that a contrary reading of the language of § 1328(a) can reasonably be made, such that a certification filed any time post-petition, perhaps even at the outset of the case, arguably meets the statutory condition for a Chapter 13 discharge, all other conditions to discharge having otherwise been met. The court disagrees with that interpretation.[1] This provision, which was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, is one of several amendments designed to promote and enhance incentives for compliance with state law domestic relations obligations, and to prevent bankruptcy in general and Chapter 13 in particular from being a haven for domestic relations scofflaws. Debtors have shown that as of April 9, 2013, they are in full compliance with that important policy. In the court's view, however, in order to meet the letter and the purpose of the statute, a certification up to date with plan completion is necessary. One made

---

[1] The court finds no binding and precious little persuasive authority to support either interpretation. *See In re Reed*, Case No. 08-50593, 2014 WL 132106, *1-*2, 2014 Bankr. LEXIS 148, *1-*5 (Bankr. S.D. Ga. Jan. 14, 2014)(discussion indicates that court would find appropriate timing of certification to be at the end of the case); *In re Levy*, Case No. 11-60130, 2014 WL 1323165 at *2-*4, 2014 Bankr. LEXIS 1229 at *6-*8 (Bankr. N.D. Ohio Mar. 31, 2014)(Judge Kendig)(discussion suggests existence of administrative order requiring filing of certification at the end of the case). The most authoritative Chapter 13 treatise discusses this § 1328(a) condition to discharge noting its remarkable lack of procedural and substantive clarity. Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Ed., § 545.1, at ¶¶ 2-17 and cited cases, Sec. Rev. Mar. 29, 2006 and Cases Updated: Jan. 1, 2015, wwwCh13online.com.

some 20 months before that leaves too much possibility for a change in domestic circumstances and an inaccurate certification as to post-petition DSO status at the time of discharge.

For that reason, the court will require Debtors to file updated certifications that accurately reflect their DSO status contemporaneous with plan completion and discharge.

###

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **In Re**: | ) | Case No. 10-31752 |
| | ) | |
| Dan J Iannantuono and Dawn M Iannantuono | ) | Chapter 13 |
| | ) | |
| | ) | |
| **Debtor(s)**. | ) | **JUDGE MARY ANN WHIPPLE** |
| | ) | |
| | ) | |

## DEBTOR'S CERTIFICATION REGARDING 11 U.S.C. § 1328(a)

☐ 1. I, _____, the Debtor in the above styled case, certify that I am not required by any judicial or administrative order, or by statute, to pay a domestic support obligation.

☐ 2. I, _____, the Debtor in the above styled case, certify that I am required by a judicial or administrative order, or by statute, to pay a domestic support obligation, and that all amounts payable under such order or such statute that are due on or before the date of certification below (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid.

☐ 3. I, _____, the Debtor in the above styled case, hereby certify that I am required by a judicial or administrative order, or by statute, to pay a domestic support obligation, and that all amounts payable under such order or such statute that are due on or before the date of certification below (including amounts due before the petition was filed, but only to the extent provided for by the plan) have **NOT** been paid.

**I certify under penalty of perjury that the information provided above is true and correct.**

_____          _____
Date Signed and Date of Certification                    Signature of Debtor